UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>DEBORAH PIMENTEL,<br>　　　　　　　Attorney.<br>_____/ | Misc. No. 10-101 |
| In re<br>CHARLES JACKSON,<br>　　　　　　　Debtor.<br>_____/ | No. 10-10481 |
| In re<br>MARTIN DELOERA GARCIA,<br>　　　　　　　Debtor.<br>_____/ | No. 10-10480 |
| In re<br>ANTONIO MAGGAY ARCALA,<br>　　　　　　　Debtor.<br>_____/ | No. 10-10494 |
| In re<br>IVONNE CURIEL,<br>　　　　　　　Debtor.<br>_____/ | No. 10-10509 |

Memorandum re Fraudulent Petitions
_____

1

Attorney Deborah Pimentel is in the business of filing fraudulent bankruptcy petitions. She has filed at least 27 bankruptcy petitions for clients in this district, most in the last 90 days. Most of these filings, including those above, were made without the minimum documents required to commence a good faith case. These cases all lacked a list of creditors. Several lacked a Statement of Social Security Number and even a filing fee. Several are filed in a court of improper venue.

When these cases began to show up, the court staff assumed that Pimentel was a new bankruptcy lawyer - there are many these days - and attempted to help her file proper cases. Deputy clerks patiently explained to Pimentel and her staff that without a filing fee the case would have to be dismissed and without a proper list of creditors and a Statement of Social Security Number the court could not notify her client's creditors of the bankruptcy. Only after Pimentel's repeated failure to correct deficiencies and disregard for attempts to help did the deputy clerks come to realize that Pimentel was completely uninterested in filing proper cases. At that point, the court was required to act.

Pimentel was filing all of her cases electronically, as required by court rules. When a case is filed electronically, even if there are serious deficiencies, the filer gets a printable certificate that a bankruptcy case has been filed. This certificate is the sole goal of Pimentel in most of her cases. She uses the certificate to represent to creditors foreclosing on her clients' property that a bankruptcy case is pending, even though she knows that the filing is deficient and the case will be dismissed as soon as an overworked deputy clerk can prepare an order. Because of this clear abuse, the court has revoked her electronic filing privileges. While paper filings cause much more work for court staff, when a deficient petition is presented a judge can direct that it not be filed. This does not stop Pimentel from filing fraudulent cases, but it does stop her from completely flaunting filing requirements.

The court ordered Pimentel to appear on March 5, 2010, to explain her conduct in each of the above cases. It also ordered her to produce the actual, signed petition which an attorney is required to maintain when a case is filed electronically. She was also ordered to file a disclosure of her fees as

2

Case: 10-10481    Doc# 7    Filed: 03/08/10    Entered: 03/08/10 14:59:52    Page 2 of 5

required by 11 U.S.C. § 329(a), the statement to include all fees related to services arising out of the debtor's financial situation, including, but not limited to, foreclosure-related services.

Pimentel produced fee disclosures stating that she received no compensation, and originally represented to the court that her services were "pro bono." Upon questioning, however, she admitted that she charged each of her clients several thousand dollars for "loan modification" services.

Pimentel was unable to produce an actual signed copy of any bankruptcy petition. She produced facsimile copies of three. She admitted that in one case there was no signed petition but she filed the case anyway (Garcia, No. 10-10480).

The court has no way of knowing if Pimentel is performing any sort of valuable service for her clients or is merely preying on their desperation. If Pimentel had only paid a little more lip service to the formalities of bankruptcy filings, the court would be content to dutifully dismiss each of her fraudulent cases without making serious inquiry into her schemes. However, by her cavalier disregard of basic filing requirements Pimentel created a great deal of extra work for a hard-pressed clerk's office. The court is now compelled to sanction Pimentel for her conduct.

The court has already suspended Pimentel's electronic filing privileges. The suspension shall remain until June 1, 2010. Thereafter, she may regain her login and password if she has not violated any order of this court and has attended a new CM/ECF training class.

By filing a case with no signed petition, Pimentel has violated Rule 9011 of the Federal Rules of Bankruptcy Procedure. The court will assess a sanction of $2,500.00, to be paid to the Clerk of the Court within ten days. If she fails to pay this sanction on time, she will be suspended from practice in all of the bankruptcy courts of the Northern District of California until she complies.

By falsely representing that her cases are "pro bono" and failing to disclose her "loan modification" fees notwithstanding a specific order of the court in each of the above cases that her disclosure include all fees related to services arising out of the debtor's financial situation, Pimentel stands in contempt of court. The court will order her to pay a sanction of $1,000.00 to the Clerk of the Court within ten days. If she fails to pay this sanction on time, she will be suspended from practice in

3

all of the bankruptcy courts of the Northern District of California until she complies.

Pimentel will further be permanently enjoined from filing any bankruptcy petition in any court not accompanied by a proper matrix listing all creditors, a properly signed petition, a Statement of Social Security Number, and a proper filing fee. She will also be enjoined from knowingly filing a case in a court of improper venue and filing a case electronically without having an original signed petition in her files. She shall also be required, in every bankruptcy commenced by her, within 14 days of commencement of the case, and whether or not the case is dismissed, to file a statement of compensation as required by 11 U.S.C. § 329(a). Said statement shall include all fees related to services arising out of the debtor's financial situation, including, but not limited to, foreclosure-related services and loan modification services. Violation of these injunctions will result in sanctions much more severe than those presently imposed.

The court will also direct the Clerk of the Court to send copies of this memorandum and the order entered pursuant to it to the United States Trustee, the clerks of neighboring bankruptcy courts and the State Bar of California.

Dated: March 8, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

4

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: March 8, 2010         By :_____Katie Andersen_____
                                            Katie Andersen
                                            Deputy Clerk

Charles Jackson
2444 Oceanic Drive
Fairfield, CA 94533

Law Offices of Deborah Pimentel
100 Park Place #200
San Ramon, CA 94583